# EXHIBIT "A"

## FLSA SETTLEMENT AGREEMENT AND RELEASE

THIS FLSA SETTLEMENT AGREEMENT AND RELEASE (hereinafter "this Agreement") is made and entered into, by and between Plaintiff Anquinette Evans (hereinafter referred to as "Plaintiff"), and Right Path Behavioral Services, LLC, and its present, past board members, officers, employees, insurers, representatives and agents (hereinafter referred to collectively as "Right Path"). Plaintiff and Right Path shall be collectively referred to as the Parties.

WHEREAS, Plaintiff is not presently employed by nor performing services for Right Path;

WHEREAS, Plaintiff Evans has filed a Complaint against Right Path in the United States District Court for the Middle District of Florida, Case No. 3:15-cv-00970-MMH-JBT (hereinafter referred to as "the Litigation");

WHEREAS, Plaintiff Evans styled the Litigation as a collective action, and stated in her Complaint that she filed the Litigation on behalf of a class of similarly situated individuals.

WHEREAS, Plaintiff and Audrey Everett are the only two individuals to have filed notices and/or consents seeking to join the Litigation. Plaintiff and Right Path dispute whether collective action certification is appropriate.

WHEREAS, at the time of this Agreement, the Court had not certified the Litigation as a collective action;

WHEREAS, Plaintiff alleged in the Complaint that Right Path violated the FLSA by misclassifying Plaintiff and others similarly situated as independent contractors and by not paying them time and one-half of their regular rate for overtime hours worked. Right Path denies the allegations made by Plaintiff in the Litigation and asserts that it has acted lawfully in all respects;

WHEREAS, at the time the litigation commenced, Plaintiff believed in good faith that she had been paid on an hourly basis, but later determined, through review of Right Path's records, that they were piece-rate paid workers, which affected her determination of the amount of overtime allegedly owed in this action; and

WHEREAS, the Plaintiff and Right Path desire to fully and finally settle all existing or potential wage and hours issue, claims, and disputes between them, whether known or unknown as of this date including, but expressly not limited to, this Litigation without any admission of liability or any finding or admissions that any of Plaintiff's rights were violated.

1.   **Obligations of Right Path:** As consideration for signing this Agreement and compliance with the promises made herein, Right Path agrees to pay the total amount of $16,650, inclusive of attorneys' fees and costs, allocated as follows:

1

a) Within 30 days following court approval of this settlement, a check in the gross amount of $2,625, less withholding as required by law, made payable to ANQUINETTE EVANS representing alleged unpaid overtime, to be reported on an IRS Form W-2;

b) Within 30 days following court approval of this settlement, a check in the amount of $2,625 made payable to ANQUINETTE EVANS representing alleged liquidated damages, to be reported on an IRS Form 1099 as "other income";

c) Within 30 days following court approval of this settlement, a check in the amount of $3,075 made payable to Morgan & Morgan, P.A. representing attorneys' fees;

d) Within 60 days following court approval of this settlement, a check in the gross amount of $2,625, less withholding as required by law, made payable to ANQUINETTE EVANS representing alleged unpaid overtime, to be reported on an IRS Form W-2;

e) Within 60 days following court approval of this settlement, a check in the amount of $2,625 made payable to ANQUINETTE EVANS representing alleged liquidated damages, to be reported on an IRS Form 1099 as "other income";

f) Within 60 days following court approval of this settlement, a check in the amount of $3,075 made payable to Morgan & Morgan, P.A. representing attorneys' fees.

The settlement payments described above will be due in Plaintiff's counsel's office (c/o Angeli Murthy, Esq. Morgan & Morgan, P.A., 600 North Pine Island Road, Suite 400, Plantation, Florida 33324) such that they are received by the due dates described therein. *Evans specifically is aware of, and agrees with, the amount to be paid to her attorneys for representing her interests in this matter.*

2. **Obligations of Plaintiff.** In consideration of Right Path's agreement to the terms herein:

a) Plaintiff agrees that the proceeds of these checks will not be disbursed by Plaintiff's attorney until such time as the Court approves the settlement agreement and agrees that the action shall be dismissed with prejudice. These amounts are paid in settlement of all of Plaintiff's claims against Right Path through the date of the execution of this Agreement as more specifically stated hereafter in paragraph 2(c), including but not limited to settlement of Plaintiff's claims filed against Right Path styled *Anquinette Evans, for herself and on behalf of those similarly situated, Plaintiff v. Right Path Behavioral Health Services, LLC, a Florida limited liability company*, 3:15-cv-00970-MMH-JBT. Plaintiff acknowledges that this is valid consideration for her agreement to the provisions herein. Plaintiff further acknowledges that she is accepting this amount as full payment and no additional amounts are owed by Right Path. Plaintiff agrees that she is responsible for all tax payments on any amounts not designated as wages under this Agreement, and agrees to hold harmless Right Path for any liability therefore, and for any interest and penalties that become due for Right Path's agreement not to withhold any additional taxes from these amounts or for any other reason.

2

b) Plaintiff agrees not to apply for employment or reinstatement with Right Path or in any other capacity provide services in the future to Right Path as an employee, temporary agency employee, independent contractor or consultant. Plaintiff understands that if she applies for employment with or contract with Right Path, Right Path shall have no obligation to process that application, to hire her, or to contract with her and that the failure to process the application or to hire her shall not constitute a violation of any local, state or federal law.

c) In exchange for the consideration provided, Plaintiff hereby waives, releases, and forever discharges Right Path of and from any and all claims, demands, damages, lawsuits, obligations, promises, actions, charges, rights, and causes of action, both known and unknown, in law or in equity, which Plaintiff has ever had or now has against Right Path for the payment of unpaid wages, including but not limited to those arising out of the Fair Labor Standards Act.

3. **Non-Admission.** Neither this Agreement, nor anything contained herein, is to be construed as an admission of liability or wrongdoing by Right Path whatsoever. Right Path expressly denies it has engaged in any wrongdoing or unlawful conduct.

4. **Severability.** In the event that any provision of this Agreement is invalidated by a court of competent jurisdiction, then all of the remaining provisions of this Agreement shall continue unabated and in full force and effect.

5. **Entire Agreement.** This Agreement contains the entire understanding and agreement between the parties and shall not be modified or superseded except upon express written consent of the parties to this Agreement. Plaintiff agrees, that apart from the payments being made pursuant to this Agreement, Plaintiff is not entitled to any other payments or other consideration from Right Path.

6. **Governing Law.** This Agreement shall be governed by the laws of the State of Florida.

7. **Attorneys' Fees.** If any party engages the services of an attorney in the enforcement of the terms herein, the non-prevailing party shall pay the reasonable attorney's fees and costs of the prevailing party.

8. **Acknowledgements:** Plaintiff acknowledges that she has read and understands this Agreement, and she specifically acknowledges that she has consulted with and been advised by Angeli Murthy, Esq. in this matter.

9. **Signatures.** This Agreement may be signed in counterparts and each counterpart shall have the same force and effect as though the signatures were contained in a single document.

IN WITNESS WHEREOF, and intending to be legally bound hereby, Anquinette Evans and the duly authorized representative of Right Path and execute this FLSA Settlement and Release consisting of four (4) pages and including nine (9) enumerated paragraphs,

3

by signing below voluntarily and with full knowledge of the significance of all of its provisions.

PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT, WAIVER AND RELEASE INCLUDES A RELEASE OF ALL CLAIMS.

_____
Anquinette Evans

Date: 7/22/16

Right Path Behavioral Services, LLC

By: _Don Jackson_

Its: _Don Jackson_

Date: 7-22-16

## FLSA SETTLEMENT AGREEMENT AND RELEASE

THIS FLSA SETTLEMENT AGREEMENT AND RELEASE (hereinafter "this Agreement") is made and entered into, by and between Opt-In Plaintiff Audrey Everett (hereinafter referred to as "Plaintiff"), and Right Path Behavioral Services, LLC, and its present, past board members, officers, employees, insurers, representatives and agents (hereinafter referred to collectively as "Right Path"). Plaintiff and Right Path shall be collectively referred to as the Parties.

WHEREAS, Plaintiff is not presently employed by nor performing services for Right Path;

WHEREAS, Anquinette Evans has filed a Complaint against Right Path in the United States District Court for the Middle District of Florida, Case No. 3:15-cv-00970-MMH-JBT (hereinafter referred to as "the Litigation");

WHEREAS, Anquinette Evans styled the Litigation as a collective action, and stated in her Complaint that she filed the Litigation on behalf of a class of similarly situated individuals.

WHEREAS, Anquinette Evans and Plaintiff are the only two individuals to have filed notices and/or consents seeking to join the Litigation. Plaintiff and Right Path dispute whether collective action certification is appropriate.

WHEREAS, at the time of this Agreement, the Court had not certified the Litigation as a collective action;

WHEREAS, Anquinette Evans alleged in the Complaint that Right Path violated the FLSA by misclassifying her and others similarly situated as independent contractors and by not paying them time and one-half of their regular rate for overtime hours worked. Right Path denies the allegations made by Anquinette Evans and Plaintiff in the Litigation and asserts that it has acted lawfully in all respects;

WHEREAS, at the time the litigation commenced, Plaintiff believed in good faith that she had been paid on an hourly basis, but later determined, through review of Right Path's records, that they were piece-rate paid workers, which affected her determination of the amount of overtime allegedly owed in this action; and

WHEREAS, the Plaintiff and Right Path desire to fully and finally settle all existing or potential wage and hours issue, claims, and disputes between them, whether known or unknown as of this date including, but expressly not limited to, this Litigation without any admission of liability or any finding or admissions that any of Plaintiff's rights were violated.

1.  **Obligations of Right Path:** As consideration for signing this Agreement and compliance with the promises made herein, Right Path agrees to pay the total amount of $11,150, inclusive of attorneys' fees and costs, allocated as follows:

1

a) Within 30 days following court approval of this settlement, a check in the gross amount of $1,250, less withholding as required by law, made payable to AUDREY EVERETT representing alleged unpaid overtime, to be reported on an IRS Form W-2;

d) Within 30 days following court approval of this settlement, a check in the amount of $1,250 made payable to AUDREY EVERETT representing alleged liquidated damages, to be reported on an IRS Form 1099 as "other income";

c) Within 30 days following court approval of this settlement, a check in the amount of $3,075 made payable to Morgan & Morgan, P.A. representing attorneys' fees;

d) Within 60 days following court approval of this settlement, a check in the gross amount of $1,250, less withholding as required by law, made payable to AUDREY EVERETT representing alleged unpaid overtime, to be reported on an IRS Form W-2;

e) Within 60 days following court approval of this settlement, a check in the amount of $1,250 made payable to AUDREY EVERETT representing alleged liquidated damages, to be reported on an IRS Form 1099 as "other income";

f) Within 60 days following court approval of this settlement, a check in the amount of $3,075 made payable to Morgan & Morgan, P.A. representing attorneys' fees.

The settlement payments described above will be due in Plaintiff's counsel's office (c/o Angeli Murthy, Esq. Morgan & Morgan, P.A., 600 North Pine Island Road, Suite 400, Plantation, Florida 33324) such that they are received by the due dates described therein. *Everett specifically is aware of, and agrees with, the amount to be paid to her attorneys for representing her interests in this matter.*

2. <u>Obligations of Plaintiff</u>. In consideration of Right Path's agreement to the terms herein:

a) Plaintiff agrees that the proceeds of these checks will not be disbursed by Plaintiff's attorney until such time as the Court approves the settlement agreement and agrees that the action shall be dismissed with prejudice. These amounts are paid in settlement of all of Plaintiff's claims against Right Path through the date of the execution of this Agreement as more specifically stated hereafter in paragraph 2(c), including but not limited to settlement of Plaintiff's claims filed against Right Path styled *Anquinette Evans, for herself and on behalf of those similarly situated, Plaintiff v. Right Path Behavioral Health Services, LLC, a Florida limited liability company*, 3:15-cv-00970-MMH-JBT. Plaintiff acknowledges that this is valid consideration for her agreement to the provisions herein. Plaintiff further acknowledges that she is accepting this amount as full payment and no additional amounts are owed by Right Path. Plaintiff agrees that she is responsible for all tax payments on any amounts not designated as wages under this Agreement, and agrees to hold harmless Right Path for any liability therefore, and for any interest and penalties that become due for Right Path's agreement not to withhold any additional taxes from these amounts or for any other reason.

2

b) Plaintiff agrees not to apply for employment or reinstatement with Right Path or in any other capacity provide services in the future to Right Path as an employee, temporary agency employee, independent contractor or consultant. Plaintiff understands that if she applies for employment with or contract with Right Path, Right Path shall have no obligation to process that application, to hire her, or to contract with her and that the failure to process the application or to hire her shall not constitute a violation of any local, state or federal law.

c) In exchange for the consideration provided, Plaintiff hereby waives, releases, and forever discharges Right Path of and from any and all claims, demands, damages, lawsuits, obligations, promises, actions, charges, rights, and causes of action, both known and unknown, in law or in equity, which Plaintiff has ever had or now has against Right Path for the payment of unpaid wages, including but not limited to those arising out of the Fair Labor Standards Act.

3. <u>Non-Admission</u>. Neither this Agreement, nor anything contained herein, is to be construed as an admission of liability or wrongdoing by Right Path whatsoever. Right Path expressly denies it has engaged in any wrongdoing or unlawful conduct.

4. <u>Severability</u>. In the event that any provision of this Agreement is invalidated by a court of competent jurisdiction, then all of the remaining provisions of this Agreement shall continue unabated and in full force and effect.

5. <u>Entire Agreement</u>. This Agreement contains the entire understanding and agreement between the parties and shall not be modified or superseded except upon express written consent of the parties to this Agreement. Plaintiff agrees, that apart from the payments being made pursuant to this Agreement, Plaintiff is not entitled to any other payments or other consideration from Right Path.

6. <u>Governing Law</u>. This Agreement shall be governed by the laws of the State of Florida.

7. <u>Attorneys' Fees</u>. If any party engages the services of an attorney in the enforcement of the terms herein, the non-prevailing party shall pay the reasonable attorney's fees and costs of the prevailing party.

8. <u>Acknowledgements</u>: Plaintiff acknowledges that she has read and understands this Agreement, and she specifically acknowledges that she has consulted with and been advised by Angeli Murthy, Esq. in this matter.

9. <u>Signatures.</u> This Agreement may be signed in counterparts and each counterpart shall have the same force and effect as though the signatures were contained in a single document.

IN WITNESS WHEREOF, and intending to be legally bound hereby, Audrey Everett and the duly authorized representative of Right Path and execute this FLSA Settlement and Release consisting of four (4) pages and including nine (9) enumerated paragraphs, by

3

signing below voluntarily and with full knowledge of the significance of all of its provisions.

PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT, WAIVER AND RELEASE INCLUDES A RELEASE OF ALL CLAIMS.

_____
Audrey Everett

Date: 7/20/2016

Right Path Behavioral Services, LLC

By: _____

Its: Don Jackson

Date: 7/21/16

4