UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANQUINETTE EVANS, for herself
and on behalf of those similarly
situated,

      Plaintiff,

v.                                             CASE NO. 3:15-cv-970-J-34JBT

RIGHT PATH BEHAVIORAL
HEALTH SERVICES, LLC, a Florida
limited liability company,

      Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on the parties' Amended Joint Motion for Approval of Settlement ("Motion") (Doc. 36). The undersigned has reviewed the filings in this case and recommends that there is no need for a hearing. For the reasons discussed herein, the undersigned recommends that the Motion be **GRANTED**, the subject FLSA Settlement Agreements and Releases

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

("Agreements") (Doc. 36-1) be **APPROVED**, and this action be **DISMISSED with prejudice**.

## I. Background

Plaintiff Anquinette Evans filed the instant action on August 6, 2015, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19. (Doc. 1.) Ms. Evans sought to recover actual and liquidated damages, costs, expenses and attorney's fees. (*Id.* at 9.) Ms. Evans alleged that Defendant, a behavioral health services company, employed her as a Community Support Counselor (*id.* at 3), misclassified her and others similarly situated as independent contractors (*id.* at 1), and failed to pay her time-and-one-half wages for overtime hours she worked "from at least February 2014 to the present." (*Id.* at 6.) Ms. Evans sought to bring a collective action (*id.* at 8–9), but only Plaintiff Audrey Everett joined (Doc. 8).[2] Defendant denied that Plaintiffs were entitled to any of the damages or relief sought and asserted a number of defenses. (Doc. 12.)

On June 14, 2016, the parties filed a Joint Motion for Approval of Settlement ("First Motion") (Doc. 32). The First Motion lacked sufficient information regarding Plaintiffs' attorney's fees and costs, and the attached settlement agreements referred to the agreements as "confidential." (*See id.*, Doc. 32-1.) The

---

[2] Ms. Evans filed a motion seeking to conditionally certify the case as a collective action (Doc. 13), but the parties dispute whether collective action certification is appropriate. (Doc. 36 at 2.)

undersigned denied the First Motion without prejudice and permitted the parties to file a renewed motion for approval of a settlement agreement. (*See* Doc. 33.)

On July 27, 2016, the parties filed the Motion. The Motion and Agreements remedied the problems with the First Motion and initial settlement agreements. The parties removed the confidentiality language from the terms of the Agreements (*see* Doc. 36-1) and provided records of attorney's fees (Doc. 36-2). The Agreement provides that Defendant will pay Plaintiffs the total gross sum of $27,800.00, which represents: (1) $5,250.00, less withholdings, for back wages to Ms. Evans; (2) $5,250.00 as liquidated damages to Ms. Evans; (3) $2,500.00, less withholdings, for back wages to Ms. Everett; (4) $2,500.00 as liquidated damages to Ms. Everett; and (5) $12,300.00 to Plaintiffs' counsel for attorney's fees and costs. (Doc. 36-1.)

**II.   Standard**

Section 216(b) of the FLSA provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

"[I]n the context of suits brought directly by employees against their employer under section 216(b) . . . . the district court may enter a stipulated

judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of these rights. *Id.* at 1352. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court is allowed "to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[3]

In *Bonetti v. Embarq Management Company*, the court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's

---

[3] Although the undersigned does not rely on unpublished opinions as binding precedent, they may be cited throughout this Report and Recommendation as persuasive authority on a particular point. Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits a court to cite to unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

4

> attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Other courts in this district have indicated that when attorney's fees are negotiated separately from the payment to plaintiff(s), "an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007).

### III. Analysis

#### A. Bona Fide Dispute

The parties represent that they disagree about the merits of the claims asserted. (Doc. 36.) Defendant argues that Plaintiffs were not subject to the FLSA, because they were independent contractors. (*Id.* at 2.) Plaintiffs assert that they were misclassified as independent contractors. (*Id.*) Defendant also contends, and Plaintiffs apparently agree, that the half-time calculation, instead of the time-and-one-half calculation, would be applied to determine any overtime compensation, because Plaintiffs were paid on a piece-rate (rather than an hourly) basis. (*Id.* at 2, 7–8) (citing 29 C.F.R. § 778.111). As to Ms. Everett, the parties have further disagreements regarding claimed hours, including the locations of her

appointments and the number of individuals seen at each appointment. (*Id.* at 3.) The undersigned recommends that there are legitimate issues in dispute, which have been adequately disclosed, that justify a compromise of Plaintiffs' claims.

### B.  Reasonableness of Compromise

The parties represent that "the range o[f] results spans from zero to full recovery." (*Id.* at 8.) Ms. Evans's Answers to the Court's Interrogatories, using the time-and-one-half calculation, assert that she was underpaid between $28,616.00 and $36,281.00. (Doc. 18-1 at 2.) However, if Ms. Evans is entitled only to half-time overtime compensation, such recovery would be significantly less than that, assuming she is entitled to overtime compensation at all. (Doc. 36 at 2–3, 7.) Ms. Everett did not file answers to the Court's interrogatories, but the Motion states that she claimed that she worked about 55 hours per week over the course of about 68 weeks. (*Id.* at 3.) As discussed above, the parties dispute the locations of her appointments and the number of individuals seen at each appointment. (*Id.*)

In light of the dispute regarding whether Plaintiffs are entitled to overtime compensation at all, and the other significant matters in dispute as noted above, the undersigned recommends that the settlement amounts due to Plaintiffs ($10,500.00 total in actual and liquidated damages to Ms. Evans and $5,000.00 total in actual and liquidated damages to Ms. Everett) represent "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights

brought about by an employer's overreaching." *Lynn's Food Stores*, 679 F.2d at 1354.

### C. Attorney's Fees and Costs

Regarding fees and costs, the ultimate issues pursuant to *Silva* are "both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers." 307 F. App'x at 351. Moreover, the Court need not conduct an in-depth analysis of the reasonableness of the attorney's fees and costs if the proposed settlement appears reasonable on its face and there is no reason to believe that Plaintiffs' recovery was adversely affected by the amount of attorney's fees and costs to be paid to their counsel. *See King*, 2007 WL 737575, at *4.

The parties state that they negotiated the recovery of attorney's fees and costs separately from, and subsequent to, agreeing on the recovery to Plaintiffs. (Doc. 36 at 4.) The undersigned recommends that there is no reason to believe that Plaintiffs' recovery was affected by the amount of attorney's fees and costs agreed upon. The $12,300.00 to be paid in attorney's fees and costs is discounted from the time actually spent on and billed for the case prior to reaching a settlement, which comes to over $19,000.00 in fees and over $1,000.00 in costs. (Doc. 36 at 4, Doc. 36-2.) Although Plaintiffs' counsel's stated hourly rate of $425.00 is too high, the effective rate is $265.09 ($12,300.00/46.4 hours). (Doc.

36 at 4, Doc. 36-2.)[4] Therefore, the amount for fees does not appear unreasonable on its face, and it appears that counsel is being adequately compensated for her work. Thus, both aspects of the *Silva* attorney's fee inquiry are satisfied.

Therefore, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 36**) be **GRANTED**.

2. The Agreements (**Doc. 36-1**) be **APPROVED**.

3. The case be **DISMISSED with prejudice**.

4. The Clerk of Court be **DIRECTED** to close the file and terminate any pending motions and deadlines.

**DONE AND ENTERED** at Jacksonville, Florida, on August 5, 2016.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

---

[4] Plaintiffs' billing records indicate 47.8 hours worked. (Doc. 36-2 at 4.) It is not clear why the minor discrepancy between the billing records and the Motion exists. Furthermore, it appears that some of the work billed for was done by a paralegal billing at a different rate, but most of the work was done by counsel.